UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:20-cv-00353-JLS-MAA | Date: February 27, 2020 |
| Title: Donald W. Collins v. Patrick Covello | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Erica Valencia | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause Why the Court Should Not Recommend Dismissal of the Petition as an Unauthorized Second or Successive Petition

On February 18, 2020, Petitioner Donald W. Collins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California. ("Petition," ECF No. 1.) On February 20, 2020, that district court transferred the action to this Court, the United States District Court for the Central District of California, because Petitioner challenges a judgment of conviction sustained in a state court within this district. (ECF No. 2-1.) Petitioner asserts one ground for federal habeas relief: that his sentence constitutes an excessive punishment violating the Eighth Amendment. (Petition at 6.)

The Petition appears to be an unauthorized second or successive petition challenging this conviction. If so, then the Petition is subject to summary dismissal for lack of jurisdiction.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

28 U.S.C. § 2244(b) limits habeas petitioners from asserting certain claims in a second or successive petition without leave from a United States Court of Appeals. As articulated by the United States Supreme Court:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus

>   application challenging that custody, § 2244(b)(1).  In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).  District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions.  *Id.* at 153; *see also* 28 U.S.C. § 2244(b)(2); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016).

   The Petition alleges that Petitioner was convicted in 1996 in the Riverside County Superior Court.  (*See* Petition at 1.)  Petitioner identifies the trial court case number as "WHCJS1900325 and FSB11398."  (*Id.*)  Petitioner states that he was convicted by a jury of "21 counts involving lewd and lascivious acts . . . and firearm possession," and that he was sentenced to "over two hundred years" in state custody.  (*Id.* at 1-2.)  Petitioner alleges that he engaged in various appeal and habeas proceedings in the state courts, all of which were denied, but Petitioner does not provide substantive details regarding these proceedings.  (*See id.* at 2-6.)  Petitioner avers that he "is not certain if previous federal habeas was filed."  (*Id.* at 5.)

   The Court takes judicial notice of Petitioner's prior state and federal cases.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

   In 2008, Petitioner filed a petition for a writ of habeas corpus challenging a May 20, 1997 judgment of conviction and August 20, 1997 sentence sustained in the San Bernardino County Superior Court in case number FSB11398.  (Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody, *Collins v. Clark*, No. 5:08-cv-01921-FMC-CT (C.D. Cal. Dec. 3, 2008), ECF No. 4 ("2008 Petition").) In the 2008 Petition, Petitioner stated that he was convicted of "ex-felon w/firearm," "possession of an automatic firearm," "possession of a sawed off shotgun," and "lewd act with a child and using a child for sex acts." (*Id.* at 1.) Petitioner averred that he was sentenced to "525 years to life." (*Id.*) The Magistrate Judge assigned to Petitioner's 2008 federal habeas case recommended that the case be summarily dismissed as untimely. (Magistrate Judge's Report and Recommendation on Petition for Writ of Habeas Corpus by a Person in State Custody, *Collins v. Clark*, No. 5:08-cv-01921-FMC-CT (C.D. Cal. Jan. 5, 2009), ECF No. 7.) The District Judge accepted the recommendation and entered judgment dismissing the 2008 Petition with prejudice. (Order Accepting Magistrate Judge's Report and Recommendation, *Collins v. Clark*, No. 5:08-cv-01921-FMC-CT (C.D. Cal. Jan. 28, 2009), ECF No. 11; Judgment, *Collins v. Clark*, No. 5:08-cv-01921-FMC-CT (C.D. Cal. Jan. 28, 2009), ECF No. 12.)[1]

Petitioner's prior petition for writ of habeas corpus, which was predicated on a 1997 conviction and sentence, was dismissed as untimely. A dismissal for untimeliness operates as a disposition on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Accordingly, a subsequent petition challenging the same conviction constitutes a "second or successive" habeas petition relative to the 2008 Petition.

The Court observes that the conviction Petitioner challenges in the instant Petition likely is the same conviction he challenged in the 2008 Petition. The Court notes, however, that Petitioner's statements in the instant Petition regarding the challenged judgment are not entirely reconcilable with the judgment challenged in the 2008 Petition: the Petition states that Petitioner sustained a judgment in the Riverside County Superior Court in 2006 (Petition at 1), whereas the 2008 Petition states that Petitioner sustained a judgment of conviction in the San Bernardino County Superior Court in 2007 (2008 Petition at 1). Nevertheless, both petitions indicate that Petitioner's trial court case number was FSB11398, that Petitioner was convicted of crimes involving firearm possession and lewd acts, and that Petitioner's was sentenced to hundreds of years in state custody. (*Compare* Petition at 1-2, *with* 2008 Petition at 1-2.)

The Petition's lack of clarity supports an interpretation that Petitioner erroneously recounts the year of his judgment and conviction and the superior court in which he was convicted. Petitioner

---

[1] The Clerk is directed to attach to this Order copies of these documents from Petitioner's prior federal habeas case.

does not identify the exact date of his judgment of conviction, does not know the exact length of his sentence, and does not provide identifying information regarding his direct appeal or petition for review.  (*See* Petition at 1-3.)  Petitioner also was uncertain whether he had filed a prior habeas petition in the federal courts.  (*See id.* at 5.)  The Petition appears to have been prepared by another inmate on Petitioner's behalf.  (*See id.*)

The Court is not required to accept as true allegations in the Petition that are contradicted by matters properly subject to judicial notice.  *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).  Accordingly, the Court need not accept as true Petitioner's allegations that the conviction and sentence he challenges were sustained in Riverside County Superior Court in 1996.  The court preliminarily concludes that Petitioner challenges the same conviction and sentence he collaterally attacked in the 2008 Petition—the 1997 conviction and sentence sustained in the San Bernardino County Superior Court.  If the instant Petition indeed is predicated on the same conviction and sentence challenged in the 2008 Petition, the Petition would be second or successive relative to *Collins v. Clark*, No. 5:08-cv-01921-FMC-CT.

Even if Petitioner could demonstrate that he qualifies for an exception to the bar on successive petitions, he must have obtained permission from the Ninth Circuit before bringing the claims in the instant Petition.  *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).  Petitioner has not shown that he sought or obtained authorization to file the instant Petition with any United States Court of Appeals.  (*See generally* Petition.)  The Court's independent search of the Ninth Circuit Court of Appeals' dockets using the electronic PACER case locator function indicates Petitioner neither sought nor obtained such authorization.

Accordingly, if the Court's preliminary observations regarding the Petition's successiveness are true, this district court lacks jurisdiction to entertain the Petition, and summary dismissal is appropriate.

Out of consideration for Petitioner's *pro se* status, the Court will permit Petitioner an opportunity to respond before it issues a recommendation that the Petition be summarily dismissed.

Petitioner is **ORDERED** to show cause in writing by no later than **March 30, 2020** why this Court should not recommend dismissal of the Petition as an unauthorized second or successive petition.  Petitioner may satisfy this Order to Show Cause by filing a written response containing one or more of the following: (1) an admission that Petitioner challenges the same judgment of

conviction he challenged in the 2008 Petition; (2) information identifying a judgment of conviction Petition challenges that is different from the judgment of conviction Petitioner challenged in the 2008 Petition; (3) information showing Petitioner sought and received leave from the United States Court of Appeals for the Ninth Circuit to file a second or successive petition in this Court (including, but not limited to, the Ninth Circuit's decision on his application for leave to file a second or successive petition); or (4) a response arguing why the Petition is not subject to the bar on second or successive petitions.

       Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order.

       **Petitioner is expressly cautioned that failure to respond to this Order by March 30, 2020 will result in a recommendation that the Petition be summarily dismissed as an unauthorized second or successive petition, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

       It is so ordered.

<u>Attachments</u>
- Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
- Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, *Collins v. Clark*, No. 5:08-cv-01921-FMC-CT (C.D. Cal. Dec. 3, 2008), ECF No. 4
- Order Accepting Magistrate Judge's Report and Recommendation, *Collins v. Clark*, No. 5:08-cv-01921-FMC-CT (C.D. Cal. Jan. 28, 2009), ECF No. 11
- Judgment, *Collins v. Clark*, No. 5:08-cv-01921-FMC-CT (C.D. Cal. Jan. 28, 2009), ECF No. 12